IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RX TRIALS, LLC, \*
Successor-In-Interest to
Rx TRIALS, INC., \*

    Plaintiff, \*

v. \* Case No. 1:18-cv-02289-JMC

COASTAL BIOMEDICAL \*
RESEARCH, INC., ET AL.
                           \*

    Defendants.
                             \*

\*\*\*\*\*\*

## MEMORANDUM OPINION

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF Nos. 15 & 16). Now pending before this Court is Plaintiff's ("Rx Trials") Motion to Compel and for Sanctions against Coastal Biomedical Research, Inc., ("Coastal") and Linda A. Glaser (collectively, the "Defendants"). (ECF No. 18). For the reasons below, Rx Trials' unopposed motion, (ECF No. 18), is **GRANTED**.

There is no dispute that the Defendants have refused to respond to Rx Trials' Interrogatories and Request for Production of Documents despite repeated requests and numerous extensions. (ECF No. 18 at 2-3). On March 28, 2019, Coastal's Counsel filed a motion for leave to withdraw as counsel in this matter consistent with the requirements of Local Rule 101.2(b). (ECF No. 19). I granted the motion on April 15, 2019. (ECF No. 20). The Clerk's Office then sent a standard letter notifying Coastal that new counsel must be retained. (ECF No. 21). The Court also issued a Letter Order, which gave Coastal an additional fourteen (14) days, to the deadline imposed by the letter from the Clerk's Office, to enter their new counsel's

appearance. (ECF No. 22). The Court stated that if Coastal did not comply with the Letter Order, default would be entered on Rx Trials' claims. (ECF No. 22). To date, no appearance has been entered on behalf of Coastal.

**Coastal Has Not Entered the Appearance of Counsel**

"All parties other than individuals must be represented by counsel." Loc. R. 101.1(a). When counsel withdraws their appearance, as is the case here, the corporation must retain new counsel "within thirty (30) days" of the withdraw of their previous attorney, or the Court may dismiss "any affirmative claim for relief asserted by the party." Loc. R. 101.2(b).

On April 15, 2019, this Court granted Coastal thirty (30) days to retain a new attorney. (ECF No. 22). In doing so, the Court warned Coastal that default judgment would be entered in favor of Rx Trials' claims if no appearance was entered. *See Goel Servs., Inc. v. Gamache*, No. PWG-12-3464, 2013 WL 11330875, at *1 (D. Md. Nov. 26, 2013). Nevertheless, no appearance has since been entered. Accordingly, default judgment is entered for all claims against Coastal.

**Rx Trials' Motion to Compel and for Sanctions**

Rules 33(b)(2) and 34(b)(2)(A) require parties to answer requests for interrogatories and production of documents requests within thirty (30) days of being served, unless otherwise agreed to by the parties. When a party fails to comply with the above rules, a motion to compel discovery may be made so long as the movant made good faith attempts to confer with the non-responsive party prior to seeking court action, Fed. R. Civ. P. 37(a). *See Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, JKB-17-3690, 2018 WL 6305779, at *3 (D. Md. Dec. 3, 2018). In the present case, Rx Trials has made many requests and given numerous extensions to the Defendants to respond to the discovery requests. Despite all of Rx Trials' efforts, Defendant Ms. Glaser has not responded or produced any discovery. Further, pursuant to Fed. R. Civ. P. 37(a)(5)(A), a court must sanction "the party . . . whose conduct

necessitated the motion . . . to pay the movant's reasonable expenses." *Id.* Accordingly, Rx Trials' Motion to Compel and for Sanctions is GRANTED.

**Conclusion**

In sum, Default judgment is ENTERED against Coastal for failure to enter the appearance of their new counsel. Rx Trials' Motion to Compel and for Sanctions, (ECF No. 18), is GRANTED in part, in that Ms. Glaser is ORDERED to answer Rx Trials' requests for interrogatories and requests for production of documents within fourteen (14) days. Additionally, Plaintiff's request for reasonable attorney's fees incurred in making this motion is GRANTED. Plaintiff's Counsel has fourteen (14) days to submit the requisite affidavit and itemized statement of expenses for this Court's consideration. A separate order follows.

.

Dated: June 10, 2019 _____/s/_____
J. Mark Coulson
United States Magistrate Judge